UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OLEG KOSHKIN,

        Petitioner,

v.

STEVIE M. KNIGHT,

        Respondent.

Civil Action
No. 22-6018 (CPO)

OPINION

**O'HEARN, District Judge.**

    Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"), seeking additional credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq*. (ECF No. 5, at 8.)  As a result of those alleged credits, Petitioner sought an order for his "immediate release" from the custody of the Bureau of Prisons ("BOP"). (*Id.*)  Petitioner filed his Petition on December 12, 2022, and the Court ordered an expedited answer. (ECF Nos. 5, 6.)  Respondent filed his Answer on January 10, 2023, (ECF No. 10.), and the Court received Petitioner's Reply on January 30, 2023, (ECF No. 12.)  Shortly after, however, on February 1, 2023, the BOP released Petitioner from custody. (ECF No. 13, at 1.)

    This Court finds that Petitioner's request for additional FSA time credits is moot due to his release from prison. *Goldblatt v. Ortiz*, No. 20-19987, 2022 WL 1639007, at *2 (D.N.J. May 24, 2022); *Chapple v. United States*, No. 19-18213, 2020 WL 614552, at *2–3 (D.N.J. Feb. 10, 2020); *Fumea v. Sauers*, No. 13-2463, 2015 WL 7069332, at *1 (M.D. Pa. Nov. 12, 2015).  Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313.

If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). In other words, a "favorable judicial decision" must be capable of redressing an injury traceable to the respondent. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

In the present case, the Court can no longer grant Petitioner's request for FSA time credits, as such "credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Cf. Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008). Once a prisoner serves his entire term of imprisonment, a petition seeking an award of such credits is moot. *E.g.*, *Goldblatt*, 2022 WL 1639007, at *2; *cf. Chapple*, 2020 WL 614552, at *2–3 (citing *Fumea*, 2015 WL 7069332, at *1). Additionally, Petitioner states that he does not have a term of supervised release. (ECF No. 12, at 2.) As a result, he does not seek to apply credits to a term of supervised release.

In his Reply, Petitioner revealed that his true aim is not to challenge his FSA credit calculation. (ECF No. 12, at 2–3.) Instead, Petitioner seeks to "challenge and resolve his ICE [('Immigration Customs Enforcement')] detainer." (*Id*. at 3.) Petitioner appears to believe that he could indirectly challenge his detainer in these § 2241 proceedings. A district court, however, only has jurisdiction to hear a petition filed pursuant to § 2241 if the petitioner is "in custody." *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 n.4 (3d Cir. 2013)). A prisoner who is serving a federal criminal sentence is not "in custody" for purposes of § 2241 merely because an immigration detainer has been lodged against him or her. *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005). An "immigration detainer, which simply gives a prison

notice that ICE is interested in the prisoner, is not sufficient to establish 'custody' for purposes of § 2241." *See, e.g.*, *James*, 594 F. App'x at 67.

Applying those principles, Petitioner filed his initial and amended § 2241 petitions while he was in custody pursuant to his federal criminal sentence and not his immigration detainer, *i.e.*, he was not in immigration detention. Consequently, he could not challenge the detainer because he was not "in custody" pursuant to that detainer, for the purposes of § 2241, at the time he filed his petitions. *See James*, 594 F. App'x at 67; *Adams*, 148 F. App'x at 95. In any event, his petitions would remain moot because he only challenged his entitlement to FSA time credits in his request for relief. (ECF No. 1, at 15; ECF No. 5, at 8.) If Petitioner is now in immigration detention and seeks to challenge that detention, he must file a new petition under a new docket number.

Finally, Petitioner has filed a motion to seal certain information. (ECF No. 11.) Under Local Rule 5.3(c), "[a]ny request by a party . . . to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion." L. Civ. R. 5.3(c)(1). Among the other requirements of Local Rule 5.3, such a motion must describe with particularity:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrants the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

In the present case, Petitioner's motion does not address all of the above factors. Additionally, Petitioner fails to identify *exactly* which parts of the record he wishes to redact. As a result, the Court will deny without prejudice Petitioner's motion to seal. Petitioner may renew his motion to seal, but any such motion must include a brief that addresses each of the above factors and describes with particularity what information Petitioner seeks to redact. In other words, Petitioner must identify the information he wishes to redact with each of their specific docket entry, page, paragraph, and sentence numbers.

For the foregoing reasons, the Court will dismiss the Petition as moot. An appropriate Order follows.

Dated: February 16, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**